Hardin P. J.
Plaintiff’s action was for alleged trespass upon lands owned and possessed by him.
The defense controverted the ownership of plaintiff of the premises in dispute and also defendant sought to establish an agreement in respect to the boundery line between the parties. Scriba’s patent was acquired about 1790, and in about 1795 divided by Benjamin Wright into lots; about 1840 Robert O. Colt owned lots 67 and 68, as well as several other lots in the patent.
In 1855 Colt conveyed fifty acres of the south part of lot 67 to Dennis Foley. Lots 67 and 68 were then wild and uncultivated. Foley built a log house and cut out a road on the line between lots 67 and 68, and in 1860 he built a temporary road fence along the east line of his fifty acres, placing the fence about a rod and a-half back from the centre of the road. In March, 1864, plaintiff became the owner of the Foley fifty acres in the south part of the lot 67, and since that time he has owned 100 acies in lot 67.
In 1859, defendant, Robert Hatfield, by a contract purchased seventy-five acres off the north half of lot 68. Tompkins once had a contract for it but gave it up. Hatfield moved into a log house built by Tompkins on the southwest corner of the seventy five acres in lot 68.
All the deeds of the parcels bounded the parcels by the lot lines, instead of by distances and courses. And plaintiff’s deed was limited to lot 67 and defendant’s to line of lot 68, at the point where the controversy arises in regard *252 to the location of the true line between the respective roads of the parties. ' The north corner of lot 67 and lot 68 is not a matter of controversy. In the trial it was conceded, and the,great contention was as to where the southerly corner east of lot 67 being the southwesterly corner of lot 68 was. In 1881, after some disagreement had arisen as to the lines, oT as to where the corner of the lots just referred to was, one, Capron, a surveyor was called upon to make a survey, which he did with the knowledge and acquiescence of the parties. The parties agreed to abide by his survey. After he had made it the parties for a time seemed to have been satisfied with it.
_ Indeed the plaintiff removed some of his fence on to that line and promised to remove the balance.
He failed to do so, and the defendants made.the removal, and this action is for alleged trespass in making such removal.
The clear weight of the evidence upon the trial leads to the conclusion that the plaintiff made the agreement and agreed to abide by the survey thus made by Mr. Capron.
But it is said that agreement not being in writing did not bind the plaintiff beyond the actual performance made by the plaintiff thereof. • However that.may be, the agreement as to the survey, and the survey made in pursuance to it became very clear and cogent evidence against plaintiff upon the question made in regard to the south corner of lots 67 and 68. Very much evidence was given tending to establish that the point where the “plow point” or stake was found, was the true corner between the lots, indeed the evidence is so strong in that direction that its perusal leaves upon the mind the impression that it was not shaken or overcome by the evidence offered to the contrary. When, we add to the direct and circumstantial evidence in respect to the “plow point” corner of lots 67 and 68 the evidence relating to the agreement in 1881 and the Capron survey, and the plaintiffs acquiescence therein we are called upon to declare that the strength and weight of the evidence are so great that a verdict inconsistent with the corner thus shown ought not to be permitted.
It therefore was not error to direct a verdict. 44 N. Y., 547; 15 id., 413; 69 id., 392; 41 Hun, 575.
- Appellant was not harmed by the ruling in regard to being in possession under his deed, and it was abundantly shown by the evidence taken, that he went into and remained in possession of the premises mentioned in the deed. -
In Wood v. La Fayette (68 N. Y., 190), cited by appellant, the deed and proof of possession under it were excluded, It differs from this case. No question was made *253 at the trial in regard to defendant’s answer. It was supposed to admit of the defense made. If the true line of lots 67 and 68 was where the plow point corner placed it, the defendants did no more than they had a right to do with the grass, logs and materials upon the lands owned by the senior defendant.
The result at the circuit accords with the evidence as viewed by us in the appeal book.
Judgment affirmed, with costs.
Follett and Martin, JJ., concur.